FILED
SEP 17 2019
[signature] CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| JANE AND JOHN DOE, individually and on behalf of their minor child, A.A., JESSICA AND JAMES DOE, individually and on behalf of their minor child, B.B., and JILL AND JEFF DOE, individually and on behalf of their minor child, C.C., <br><br> Plaintiffs, <br><br> vs. <br><br> ABERDEEN SCHOOL DISTRICT, BECKY GUFFIN, in her individual and official capacity, CAMILLE KAUL, in her individual and official capacity, RENAE RAUSCH, in her individual and official capacity, COLLEEN MURLEY, in her individual and official capacity, MICHAEL NEUBERT, in his individual and official capacity, CARRIE WEISENBURGER, in her individual and official capacity, and DOES 1-2, <br><br> Defendants. | 1:18-CV-01025-CBK <br><br><br><br><br><br><br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on the respective motions of plaintiffs and defendant Wiesenburger. Wiesenburger filed a Motion to Compel Identities, seeking to compel plaintiffs to disclose their identities to the court, the defendants, and to cease their pseudonymous prosecution of their claims. Doc. 37. If plaintiffs refuse to identify

themselves, defendant's motion asks the Court to dismiss their claims. Id. Some time after defendant's motion, plaintiffs filed a Motion to Proceed Anonymously, Doc. 44, requesting the Court's permission to maintain suit under pseudonyms. Id.

As a general matter, Federal Rule of Civil Procedure 10(a) compels parties to identify themselves. See Fed.R.Civ.P. 10(a) ("The title of the complaint must name all the parties..."). Indeed, nothing in the Federal Rules specifically allows plaintiffs to prosecute a claim pseudonymously. "Rule 11(a) requires that if a party is unrepresented, every pleading, motion, and other filing must be signed personally by that party. Rule 17(a) mandates that '[a]n action must be prosecuted in the name of the real party in interest." Doe v. University of Arkansas, et al., No. 5:17-CV-05050, at *1 (W.D. Ark. May 16, 2017), *aff'd* Doe v. Univ. of Arkansas, 713 F. App'x 525, 526 (8th Cir. 2018). The Federal Rules distaste for anonymously filed lawsuits is buttressed by constitutional concerns for the open nature of judicial proceedings.

> There is a First Amendment interest in public proceedings, and identifying the parties to an action is an important part of making it truly public. When a party invokes the judicial powers of the United States, she invites public scrutiny of the dispute and the proceeding. 'The people have a right to know who is using their courts.

Luckett v. Beaudet, 21 F. Supp. 2d 1029, 1029 (D. Minn. 1998) (internal citations omitted).

Despite the presumption that judicial proceedings be open and public, federal courts have analyzed the question of whether a plaintiff may proceed pseudonymously, and have allowed the practice on certain occasions. These courts have generally looked at the totality of the circumstances to determine "whether the plaintiff 'has a substantial privacy right which outweighs the customary constitutionally-embedded presumption of openness in judicial proceedings." In re Ashley Madison Customer Data Sec. Breach Litig., No. 2669, 2016 WL 1366616, at *2 (E.D. Mo. Apr. 6, 2016) (internal citations omitted). Relevant factors include, "(1) [whether] the plaintiff is challenging government activity; (2) [whether] the plaintiff is required to disclose information of the utmost intimacy; and (3) [whether] the plaintiff risks criminal prosecution through the

information contained in the pleading." Id. An additional factor listed in a Sixth Circuit case, cited for its standard of review by the Eighth Circuit in Doe v. University of Arkansas, 713 F. App'x 525 (8th Cir. 2018), is "(4) whether the plaintiffs are children." Doe v. Porter, 370 F.3d 558, 560 (6th Cir. 2004) (internal citations omitted).

The usual circumstances under which a court determines whether a plaintiff may proceed under a pseudonym involve the plaintiffs filing their initial complaint under seal, along with a pre-service motion to proceed pseudonymously. Such a mode of filing complies with Fed. R. Civ. P. 10(a) as plaintiffs include their names in this sealed complaint. In this case, however, plaintiffs did not file their complaint under seal, nor did they file any such pre-service motion. And only after defendant filed her Motion to Compel Identification did plaintiffs file the proper motion without a refiled complaint. For that reason, the Court directs plaintiffs to refile their complaint under seal, using their real names and the initials of their minor children, as required by the Federal Rules of Civil Procedure and this Court's local rules. See Fed. R. Civ. P. 10(a); D.S.D. LR 10.

As to plaintiffs Motion to Proceed Anonymously itself, the Court will examine the facts under the totality of the circumstances. In the instant case, only the second and fourth factors are arguably present. Plaintiffs are not challenging government action, nor are they likely to face criminal prosecution if their identities, or those of their minor children, were to be made public.

The Court agrees, however, that this case "requires plaintiffs to disclose information of the utmost intimacy." In re Ashley Madison, No. 2669 at *2. This case turns on serious accusations of abuse on the part of defendants. The alleged abuse was directed against plaintiffs' minor children, all of whom were participating in a school program for children with learning disabilities. Thus, the case will ultimately require plaintiffs' disclosure of intimate details concerning those disabilities. It requires very little engagement of one's imagination to see that the details of a child's learning disability are very intimate and personal to that child and her family. Such details of disabilities could be embarrassing to the child later in life, or more immediately, could expose the child to the ridicule of her peers.

The fourth factor, cited by the Sixth Circuit in Porter, accords weight to the second factor, their youth being a factor in and of itself. The plaintiffs in this case are suing on behalf of their minor children. Further, this case is brought on behalf of very young children, to whom we grant a heightened protection. Porter, 370 F.3d at 561; see also Stegall, 653 F.2d at 186 ("The gravity of the danger posed by the threats of retaliation against the [plaintiffs] for filing this lawsuit must also be assessed in light of the special vulnerability of these child-plaintiffs."). Factors two and four provide plaintiffs with a strong argument for being allowed to continue to proceed under pseudonyms.

For her part, defendant Wiesenburger has failed to show what harm she will suffer if plaintiffs are allowed to proceed under pseudonyms. A complaint that complies with Rule 10(a), which plaintiffs must now submit under seal, will provide defendant with all the information she would require to avoid being disadvantaged in discovery, and there is no other harm alleged in her Motion to Compel Identities. See Docs. 37 and 40.

For the reasons stated above, the Court will grant plaintiffs' Motion to Proceed Anonymously. For the same reasons that plaintiffs' motion is granted, defendant Wiesenburger's Motion to Compel Identities, Doc. 37, will be denied.

IT IS THEREFORE ORDERED that Plaintiff's motion, Doc. 44, to proceed anonymously is GRANTED. Defendant's motion, Doc. 37, to compel identities is DENIED.

DATED this 17th day of September, 2019.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge