FILED

OCT 0 1 2021

*Matthew Thelen*
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| JANE DOE, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILD, A.A.; JOHN DOE, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILD, A.A.; JESSICA DOE, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILD, B.B.; JILL DOE, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILD, C.C.; JEFF DOE, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILD, C.C.; JANET DOE, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD, D.D.; AND JULIE DOE, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD, E.E., | 1:18-CV-01025-CBK |
| Plaintiffs, | **MEMORANDUM AND ORDER** |
| vs. | |
| ABERDEEN SCHOOL DISTRICT, BECKY GUFFIN, IN HER INDIVIDUAL CAPACITY; CAMILLE KAUL, IN HER INDIVIDUAL CAPACITY; RENAE RAUSCH, IN HER INDIVIDUAL CAPACITY; COLLEEN MURLEY, IN HER INDIVIDUAL CAPACITY; MICHAEL NEUBERT, IN HIS INDIVIDUAL CAPACITY; CARRIE WIESENBURGER, IN HER INDIVIDUAL CAPACITY; AND DOES 1-2, | |
| Defendants. | |

## I.   BACKGROUND

This matter is before the Court on defendants' Aberdeen School District, Becky Guffin, Camille Kaul, Renae Rausch, Colleen Murley, Michael Neubert, and Carrie Weisenburgers' ("defendants") motion to exclude expert testimony by Ms. Deen McMahon. Doc. 71. Defendants filed their motion on May 5, 2021, which plaintiffs responded to on May 27, 2021. Doc. 109. With defendants' reply filed on June 9, 2021, the motion is ripe for adjudication. Doc. 121.

Ms. Deena McMahon is a Minnesota-licensed independent clinical social worker. On behalf of the plaintiffs, Ms. McMahon drafted five separate reports on each of the minor children, detailing alleged trauma, providing medical determinations, providing recommendations for continuity of treatment, and other comments seemingly outside the purview of a licensed social worker. Ms. McMahon has no formal education in medicine or education. Her curriculum vitae emphasizes her background as an expert witness "in hundreds of child protection and permanency cases." Doc. 114-34 at 1. She admits she has limited background working with children who have special needs, with her extent being "hav[ing] done sex ed for special ed students. McMahon deposition, doc. 73-1 at 106.

In their briefing, plaintiffs appear to dramatically scale back the extent of what Ms. McMahon is being offered to testify about; instead of being called to testify about her medical conclusions that she makes across her reports, plaintiffs claim "Ms. McMahon's expert testimony will address the harm the children and parents experienced as a result of alleged violations of their rights." PLAINTIFFS MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS TO EXCLUDE EXPERT TESTIMONY, doc. 109 at 2. The Court understands this to mean Ms. McMahon is *not* being offered to testify about *concluding* there was abuse by defendants or that any alleged abuse *caused* a regression of minor plaintiffs' education or decline in health. Rather, Ms. McMahon is being offered for the more narrow question of to *what extent* could plaintiffs have been harmed,

2

*if* they can prove there was alleged abuse on the part of defendants, which would be of import upon a finding of liability for the appropriateness of damages.

Defendants' motion rests on two grounds: (1) that MS. McMahon is not qualified to testify in this case; and (2) that her opinions are unreliable and lack foundation, specifically that she did not apply an appropriate methodology in making her conclusions.  Doc. 72 at 7–12.  Because the Court finds defendants' first argument succeeds on the merits, it does not proceed to analyze their second grounds for excluding Ms. McMahon's testimony.

## II.   DISCUSSION

### A. Legal Standard

Pursuant to Federal Rules of Evidence 702:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

It is plaintiffs' responsibility to "show by a preponderance of the evidence both that the expertise qualified to render the opinion and that the methodology underlying [her] conclusions is scientifically valid.'" In re Wholesale Grocery Prods. Antitrust Litig., 946 F.3d 995, 1000 (8th Cir. 2019) (*quoting* Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 757–58 (8th Cir. 2006)).  Admissibility for expert opinion testimony under Rule 702's "screening requirement" "'boil[s] down to a three-part test.'" In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig., 9 F.4f 768, 777 (8th Cir. 2021) (*quoting* Johnson v. Mead Johnson & Co., LLC, 754 F.3d 557, 561 (2014)). These three parts are: (1) that the testimony is "useful to the finder of fact in deciding the ultimate issue of fact, meaning it must be relevant;" (2) that the expert is "*qualified* to assist the finder of fact;" and (3) "whether [p]laintiffs' experts' proposed testimony meets Rule 702's reliability requirement." Id. (emphasis added) (*citing* Johnson, 754 F.3d at 561).

3

When assessing qualifications, "it is the responsibility of the trial judge to determine whether a particular expert has sufficient specialized knowledge to assist jurors in deciding the specific issues in the case." Wheeling Pittsburgh Steel Corp. v. Beelman River Terminals, Inc., 254 F.3d 706, 715 (8th Cir. 2001). The crux of defendants' motion centers on the second prong: whether Ms. McMahon is qualified to assist the finder of fact in this instance.

**B. Whether McMahon is Qualified to Testify on Harm to Minor Plaintiffs as Result of Alleged Abusive Educational Environment**

In their Response to defendants' motion to exclude Ms. McMahon's testimony, plaintiffs now state their proposed expert will only testify to "the harm to the minor Plaintiffs [and parents] as a result of the abusive education environment at May Overby." PLAINTIFFS MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS TO EXCLUDE EXPERT TESTIMONY, doc. 109 at 1. Plaintiffs now agree that Ms. McMahon is not qualified to "render an opinion on the medical conditions of the children or the education standards to be applied to education professionals." Id. at 2. If this is the case, then the Court accepts that Ms. McMahon is not being offered to testify on the critical aspects of her report that delve into medical diagnoses on shortened lifespans of minor plaintiffs, how the alleged abuse has or will alter their educational attainment, and other conclusions that stray beyond a social worker commenting on harmful consequences of alleged trauma. Instead, to the extent the Court can understand the utility of Ms. McMahon's remaining testimony, she is being offered by plaintiffs to testify on the level of harm incurred on plaintiffs if in fact defendants are liable.

Plaintiffs seek to introduce Ms. McMahon as a qualified expert witness because of her specialized knowledge that will assist the trier of fact in understanding the after-effects of alleged harm in school. She is not testifying based on her scientific opinion due to Ms. McMahon not having a degree within education or medicine, or other formal training on these specific matters.

While Ms. McMahon has experience as a Minnesota-Licensed Independent Social Worker, her background does not warrant her admission as a qualified expert under these

4

circumstances. First, Ms. McMahon has almost no background with special education students. Instead, her experience within this complex cohort of educational standards and differing consequences stemming from possible abuse only extends to "hav[ing] done sex ed for special ed students." McMahon deposition, doc. 73-1 at 106.[1] This is a far cry from assessing the harm caused to this vulnerable subset of students from purported trauma and abuse.

Second, defendants raise valid points of concern about Ms. McMahon venturing beyond the confines of her social work background to opine on medical conclusions, such as the specific cause for any alleged trauma and potential diminished life expectancies of students. It appears that plaintiffs now argue they are *not* utilizing Ms. McMahon to testify about the core of her reports, specifically that defendants' alleged actions *did cause* trauma, prognosis on missed educational opportunities because of alleged trauma, her medical recommendations that these students should pursue different sorts of therapy, whether May Overby constituted an abusive environment, whether students are depressed, and asserting – without any medical training – that D.D. will suffer a "shortened [] life span," D.D. TRAUMA ASSESSMENT AND CASE REVIEW, doc. 73-5 at 8,[2] among other assertions beyond her realm of qualifications. See McMahon deposition, doc. 73-1; A.A. TRAUMA ASSESSMENT AND CASE REVIEW, doc. 73-2; B.B. TRAUMA ASSESSMENT AND CASE REVIEW, doc. 73-3; C.C. TRAUMA ASSESSMENT AND CASE REVIEW, doc. 73-4; id.; E.E. TRAUMA ASSESSMENT AND CASE REVIEW, doc. 73-6.[3] Shockingly, after making such a bold *medical opinion* about the likely shortened lifespan of one of the minor plaintiffs because of his time at May Overy, Ms. McMahon fails to even cite to any authority for such a proposition. See D.D. TRAUMA ASSESSMENT AND CASE REVIEW, doc. 73-5 at 8.

Because plaintiffs fail to substantiate what Ms. McMahon will testify to besides "the harm the Plaintiffs experienced and how that harm manifests in children, and

[1] This deposition was filed under seal because the names of minor plaintiffs are revealed in the transcript.
[2] This report is also filed under seal because the name of D.D. is revealed.
[3] The reports for A.A., B.B., C.C., and E.E. are also filed under seal because their names are revealed.

manifested in the minor Plaintiffs," the Court strains to discern what she seeks to present at a trial. PLAINTIFFS MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS TO EXCLUDE EXPERT TESTIMONY, doc. 109 at 4. But under the "liberal thrust" for expert testimony within our federal courts, the Court analyzes plaintiffs' proposed expert witness within the confines of the extent of harm by alleged abuse, which may be useful to the factfinder for any possible award of damages. In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig., 9 F.4f 768, 777 (8th Cir. 2021).

Finally, only looking at Ms. McMahon's reports strictly within the confines of examining the scope of any alleged harm to the minor plaintiffs, the Court still does not find her adequately qualified. While Ms. McMahon's CV indicates her forty past court appearances, doc. 114-34, she does not substantively explain the extent of the varying expert opinions she provided. Further, as the Court has previously explained, these children are especially vulnerable due to their varying disabilities and inhibition to verbalize the extent of any alleged harm or abuse, differentiating them from other school-aged children. See MEMORANDUM AND ORDER GRANTING IN PART, DENYING IN PART, DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT, doc. 143. Because Ms. McMahon does not have adequate specialized knowledge in dealing with special education students, beyond sexual education on several prior occasions, McMahon deposition, doc. 73-1 at 106, her qualifications are not adequate in this instance. Perhaps Ms. McMahon could ably provide relevant expert testimony on the extent of harm to allegedly abused children who do not have such disabilities. Here, "[t]he real question is, what is [she] an expert about?" Wheeling Pittsburgh Steel Corp. v. Beelman River Terminals, Inc., 254 F.3d 706, 715 (8th Cir. 2001). Ms. McMahon's background does not provide the needed qualifications for her to tackle the nuances of trauma on these especially vulnerable children; any proposed expert must offer specialized knowledge within the parameters of special education students, even within the restricted confines plaintiffs now claim to utilize their proposed expert.

Ms. McMcahon does not have significant experiences working with special education students and does not have relevant medical or educational training that

6

provide the needed qualifications to assess the extent of the harm these minor plaintiffs endured from the alleged abuse.

Because the Court finds the proposed expert is not qualified to testify in this matter, defendants' second argument asserting Ms. McMahon's opinions are unreliable and lack a foundation are moot.

### III.   CONCLUSION

While Ms. McMahon no doubt is an expert on other issues surrounding childhood trauma, she is not qualified to provide expert testimony in this instance.  She holds only minimal background working with children who require special education services. These minor plaintiffs, who constitute "some of the most vulnerable members of society," present stark differences than the children Ms. McMahon regularly works with. MEMORANDUM AND ORDER GRANTING IN PART, DENYING IN PART, DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT, doc. 143 at 35.  Because she does not hold substantive experience treating and working with children within the special education ambit, Ms. McMahon cannot testify as an expert witness for the extent of harm minor plaintiffs may have endured at the hands of defendants.

IT IS HEREBY ORDERED that defendants' motion to exclude expert testimony, doc. 71, is granted.

DATED this ___ day of October, 2021.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

7